Frank BALTRUNAS, Plaintiff,

v.

Michael SHEAHAN, et al., Defendants.

No. 92 C 6454.

United States District Court,
N.D. Illinois,
Eastern Division.

April 6, 1995.

---

**4.** *See Id.* at 1343.

**5.** *See Id.* at 1343–44.

Frank Baltrunas, Chicago, IL, pro se.

Harvey J. Cohen, Aries, Hoyt & Taden, Chicago, IL, for plaintiff.

James Joseph Jozefowicz, Terry L. McDonald, Jeremy C. Schwartz, Cook County State's Attys., Priscilla R. Dee Dixon, State's Attys. Office, Chicago, IL, for defendant Sheriff Sheahan.

James Joseph Jozefowicz, Terry L. McDonald, Cook County State's Attys., Chicago, IL, for defendants Michael Gorski, Sam Capadona, James Brady.

## MEMORANDUM AND ORDER

LINDBERG, District Judge.

Defendants, Michael Gorski, Sam Capadona, and James Brady have moved to dismiss the amended complaint filed by plaintiff, Frank Baltrunas. Defendants move to dismiss on two grounds. First, they move to dismiss pursuant to Federal Rule of Civil Procedure 4(j) (now FRCP 4(m)) on the ground that they were not served within 120 days of the filing of the complaint, and plaintiff did not have good cause for his failure to have them served within that time period. See 28 U.S.C.A., FRCP 4(j) (West 1992). While the remedy for this violation would be dismissal of the action against defendants without prejudice, 28 U.S.C.A., FRCP 4(j) (West 1992), the effect can be equivalent to a dismissal with prejudice if the statute of limitations has elapsed since the filing of the original complaint. Second, they move to dismiss pursuant to FRCP 12(b)(6) on the ground that they were not named as defendants in the original complaint, only in the amended complaint; that the amended complaint does not relate back to the date of the original complaint, see FRCP 15(c); that the limitations period ran before the filing of the amended complaint; and that therefore the amended complaint should be dismissed on statute of limitations grounds.

At the time of the filing of this action, plaintiff was incarcerated in the Cook County Jail. The clerk of this court received plaintiff's complaint and application to proceed in forma pauperis on September 23, 1992. The application to proceed in forma pauperis was granted on October 13, 1992. The order granting leave to proceed in forma pauperis also directed the United States Marshals Service "to send the necessary USM–285 forms to plaintiff so that he may provide it with the information necessary for the Marshals to serve defendants with process." Plaintiff appears to have signed the USM–285s on November 17, 1992, which appear to have been received by the United States Marshal on December 2, 1992.

The complaint named as defendants "Sheriff Sheahan," "Officer Niki," "Officer Bradley," and "Officer Capandaia." The USM–285s were therefore for these named individuals. Officers Niki, Bradley, and Capandaia were identified as working the 7:00 am to 3:00 pm shift in the Maybrook Square Courthouse, Maywood, Illinois (the terms Maywood Courthouse and Maybrook Courthouse appear to be interchangeable), in the receiving room. According to the "remarks" section of the USM–285, the Deputy United States Marshal who attempted service on December 15, 1992, was told that there was no Officer Niki, Officer Bradley, or Officer Capandaia at the Maybrook Courthouse. Sheriff Sheahan, then, was the only one of the originally named defendants served in December of 1992.

Sheriff Sheahan moved to dismiss on February 17, 1993. The memorandum filed in support of this motion argued that the complaint was insufficient to state a claim against Sheriff Sheahan in his individual capacity because it did not allege any personal involvement by him and was insufficient to state a claim against Sheriff Sheahan in his official capacity because it did not allege any custom or policy or practice pursuant to which the allegedly unconstitutional acts were undertaken. Plaintiff was to file a responsive memorandum on March 19, 1993. On February 23, 1993, the clerk of the court received a letter from plaintiff dated February 21, 1993, requesting the proper paper

work to request the appointment of counsel. On March 30, 1993, this court construed plaintiff's letter to be a motion for appointment of counsel and denied it. The court on its own motion granted plaintiff until April 20, 1993, to respond to the motion to dismiss. Apparently in an attempt to satisfy this order, plaintiff submitted a short hand-printed statement received by the clerk on April 13, 1993, describing the violations he alleged had occurred at the hands of the defendants named in the complaint. On May 14, 1993, the clerk received a hospital record which is for an admission of plaintiff, and which it appears plaintiff submitted to evidence his injuries as a result of the constitutional violations he was alleging.

This court dismissed this action on July 27, 1993. Dismissal was in error, so the court vacated the July 27, 1993, order of dismissal and appointed counsel on August 30, 1993. Counsel appeared on behalf of plaintiff for the first time on September 29, 1993. On February 15, 1994, Sheriff Sheahan moved to reinstate his motion to dismiss and to stay discovery. In this motion Sheriff Sheahan stated that plaintiff had mailed his first request for production of documents on January 27, 1994, and interrogatories on January 31, 1994, and contended that, if successful, his motion to dismiss would end the case. Sheriff Sheahan's motion to reinstate motion to dismiss and to stay discovery was entered and continued to March 10, 1994, at which time the court ordered that pre-amended complaint discovery be due April 15, 1994, and that an amended complaint be filed by April 29, 1994.

On May 27, 1994, plaintiff moved for entry of an order granting leave to file an amended complaint nunc pro tunc to May 16, 1994. Counsel filed an affidavit in support of this motion which, in addition to the usual statement by counsel of the various matters which had recently required his attention, stated:

2. Defendant COOK COUNTY SHERIFF MICHAEL SHEEHAN responded to certain discovery requests on April 19, 1994.

. . . .

4. On May 16, 1994 counsel for Plaintiff caused to be mailed to all Defendants a summons, amended complaint and notice of acknowledgement of summons and complaint. On May 16, 1994, affiant attempted to file with the clerk of the court a copy of the amended complaint and the court clerk refused to accept same.

At this point the court notes that although violative of both the Federal Rules of Civil Procedure, FRCP 5(e) and Notes of Advisory Committee on Rules, 1991 Amendment, and this court's own General Order USDistCt, NDIll, GenOrd of 27 Nov 1991, the court does not doubt that the court's clerk refused to accept the documents tendered; the court and the court's staff have heard far too many similar complaints about the clerk's office to find such an occurrence at all unlikely. On May 27, 1994, the court granted plaintiff leave to file an amended complaint but refused to order the filing nunc pro tunc to May 16, 1994. Plaintiff's amended complaint was filed that same date.

The amended complaint named as defendants Michael Gorski, Sam Capadona, and James Brady. Counsel filed an appearance on behalf of these defendants on August 10, 1994. Defendants filed their motion to dismiss and supporting memorandum on August 17, 1994; plaintiff filed his responsive memorandum on September 14, 1994; and defendants filed their reply memorandum on October 6, 1994.

■ Defendants in their motion to dismiss first contend that they were not served with process within the period required by Federal Rule of Civil Procedure 4(j). Rule 4(j) provided:

If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

FRCP 4(j). There is no question that defendants were not served within 120 days of the filing of the original complaint. The question raised by defendants' motion is whether

there was good cause for this failure to serve them.

A reading of the facts as stated above leaves the distinct impression that personnel with the Cook County Sheriff took the actions they did in order to avoid both having defendants Gorski, Capadona, and Brady served with process and revealing to plaintiff the names of the individuals he obviously meant to name as defendants. That the Deputy United States Marshal was told that no such persons were at Maybrook, when plaintiff had identified himself, had identified the shift on which defendants had worked, and had approximated, fairly closely in the case of Capadona and Brady, the names of the defendants is one strong indication that this impression is true. That Sheriff Sheahan resisted the discovery that ultimately revealed to plaintiff the names of defendants is another indication that this impression is true.

Defendants' own motion to dismiss further supports this view. In that motion, defendants state:

11. At the March 10, 1994, status hearing, attorney for defendant Sheahan, Assistant State's Attorney James Jozefowicz, informed plaintiff's counsel, Harvey Cohen, that officers named Niki, Bradley, and Capandaia did not exist at the Maybrook Court facility. ASA Jozefowicz further informed plaintiff's counsel that an investigation of Sheriff's Department records revealed that officers named Michael Gorski, James Brady, and Sam Capadona were involved in an incident concerning plaintiff on July 27, 1991.

It is interesting that at the very outset of this case plaintiff, then pro se, had identified July 20, 1991, as the date of the incident over which he was suing. It is also interesting that the same attorneys who were representing Sheriff Sheahan at the time of the March 10, 1994, hearing later appeared on behalf of defendants Gorski, Capadona, and Brady.

It will be recalled that March 10, 1994, was the date to which Sheriff Sheahan's motion to stay discovery was continued. It certainly appears that the defense withheld its information concerning the identity of the officers plaintiff obviously intended to name as defendants as long as it possibly could.

Finally, plaintiff's responsive memorandum to the motion to dismiss, which is not in any significant way factually contradicted in defendants' reply memorandum, provides further information:

8. Four separate attempts were made to obtain service of process upon the deputies whose actions resulted in plaintiff's injuries. In addition to the first summons naming Niki, Bradley and Capandaia, alias summons directed to said parties was issued by the court and an attempt of service by certified mail was made on January 27, 1994. After Sheriff's personnel at Maywood Courthouse accepted and signed for the alias summonses, the three envelopes were opened resealed and returned to plaintiff's counsel with a notation that parties were unknown. Copies of the return of service cards and envelopes are attached as Exhibits 1A, 1B, 1C and 2. The second alias summonses were issued after an amended complaint had been filed and plaintiff attempted to serve officers Gorski, Capadona and Brady at the Maywood Courthouse where the state's attorney had advised plaintiff's counsel that they were stationed. Once again, the summonses were returned with a notation that the deputies, now properly named were unknown. See Exhibits 3A, 3B and 3C. After extensive conversations with the state's attorney, a third alias summons was issued on each of the three sheriff's deputies on July 14, 1994 and served upon the deputies at the Maywood facility.

Given the obstructionism of the personnel within the Cook County Sheriff's Office, it is not surprising that an incarcerated pro se plaintiff was unable to effect service. Indeed, that obstructionism made service difficult to accomplish even for an aggressive attorney. This court has no difficulty finding that good cause existed for plaintiff's failure to serve these three defendants from the filing of this action to the date on which plaintiff effected service in July 1994, whether that date was the 14th as plaintiff contends or the 18th as defendants contend.

Therefore, the time for service of process on defendants Gorski, Capadona, and Brady will be extended to the date on which service was in fact accomplished and defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 4(j) will be denied.

■ Defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants contend that the applicable limitations period expired between the time of the filing of the original complaint and the time of the filing of the amended complaint, and that the amended complaint does not relate back to the date of the original complaint.

Federal Rule of Civil Procedure 15(c), which governs relating back of amendments to pleadings, provides:

An Amendment of a pleading relates back to the date of the original pleading when

. . . .

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

FRCP 15(c). Provision (2) is certainly satisfied; it is only provision (3) that warrants discussion.

A strong case could be made that provision (3) would be satisfied even if it were only permissible to look at what occurred within 120 days of the filing of the original complaint. In that time period, the Deputy United States Marshal attempted to serve officers named "Niki," "Bradley," and "Capandaia" at the Maybrook Courthouse and were told that no such officers were there. Given the circumstances alleged in the complaint, knowing that a later attempt to serve officers Gorski, Capadona, and Brady under their proper names met with the same no one by those names at this location response, and finally knowing that defendants Gorski, Capadona, and Brady were ultimately served at the Maybrook Courthouse is indicative that these individuals in all likelihood had notice of the action within 120 days and should have known that but for a mistake in identity in the proper parties the action would have been brought against them as defendants.

As strong as this argument is, it is unnecessary to rely upon it in this case. That is because:

In allowing a name-correcting amendment within the time allowed by Rule 4[(j)] . . ., this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted, for example, if the defendant is a fugitive from service of process.

FRCP 15(c), Notes of Advisory Committee on Rules, 1991 Amendment. See also Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 6A *Federal Practice and Procedure* § 1498 (West, 2d ed 1994 Supp) ("[T]he notice required under the rule . . . is linked to the federal service period of 120 days or any additional time resulting from court-ordered extension."). This court has ordered an extension of the service period that includes the date on which defendants were served with the amended complaint. The service of that amended complaint on that date then, within the period provided by Rule 4(j) for service of summons and complaint, gave defendants "such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits." FRCP 15(c)(3)(A). Moreover, as the amended complaint properly named defendants Gorski, Capadona, and Brady, service of the summons and that complaint meant that, within the period provide by Rule 4(j) for service of summons, they knew that "but for a mistake concerning the identity of the proper party, the action would have been brought against" them. FRCP 15(c)(3)(B).

Therefore, defendants' motion to dismiss pursuant to Rule 12(b)(6) is denied. Because defendants have made a motion pursuant to Rule 12(b), the attention of the parties is drawn to the provisions of Rules 12(a)(4)(A) ("[I]f the court denies [a motion permitted under FRCP 12] . . ., the responsive pleading shall be served within 10 days after notice of the court's action. . . .") and 12(g) ("If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated."). FRCP 12(a)(4)(A), 12(g).

ORDERED: The time for service of the summons and complaint is extended to and including the date on which plaintiff effected service on defendants Gorski, Capadona, and Brady, upon plaintiff's showing of good cause for failure to serve the summons and complaint earlier.

The motion of defendants, Michael Gorski, Sam Capadona, and James Brady, to dismiss pursuant to Federal Rule of Civil Procedure 4(j) is denied.

Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is denied.